UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

CLARENCE HENRY COHEN,

    Defendant/Petitioner.
                                                       /

Case No. 09-20326

Honorable Nancy G. Edmunds

**ORDER DENYING PETITIONER'S MOTION TO REOPEN THE TIME
FOR FILING AN APPEAL [532]; DENYING AS MOOT PETITIONER'S
MOTION FOR PROMPT DISPOSITION [547]; AND DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY**

On October 21, 2010, Petitioner Clarence Cohen pled guilty to one count of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841, 846. Following an unsuccessful direct appeal to the Sixth Circuit, *United States v. Cohen*, 515 F. App'x 405, 406 (6th Cir. 2013), Cohen invoked his right to habeas review in this Court pursuant to 28 U.S.C. § 2255. (Dkt. 499). On November 3, 2014, Cohen's habeas petition was summarily denied. (Dkt. 520). A little over two weeks later, Cohen filed a motion for reconsideration to "amend or alter a judgment" under Federal Rule of Civil Procedure 59(e) ("Rule 59 Motion"). (Dkt. 521). That, too, was denied. (Dkt. 523). Cohen did not file a notice of appeal within the required thirty-day window. *See* Fed. R. App. P. 4(a)(1).

Nearly nine months after the Court denied Cohen's Rule 59 Motion, he filed the instant request for "reissuance of motion for reconsideration denial judgment." (Dkt. 532). In essence, Cohen argues that, because he did not receive timely notice of the Court's

order denying his Rule 59 Motion, "it should be re-issued so that [he] may file a timely [n]otice of [appeal]." (Def.'s Mot. Cohen Aff. ¶ 4). The Court thus construes Cohen's motion as a request to reopen the time for filing an appeal under Federal Rule of Appellate Procedure 4(a). For the reasons that follow, the Court DENIES Cohen's request. [532].

A "party who has failed to receive prompt notice of the entry of a judgment or order is limited to the relief provided in Rule 4(a)(6) or may also seek an extension under Rule 4(a)(5)." *Zack v. United States*, 133 F.3d 451, 452 (6th Cir. 1998). Rule 4(a)(5) allows a district court to extend the time period during which a party may file a notice of appeal "if the party seeks an extension within thirty days after the appeal period has expired." *Id; See* Fed. R. App. P. 4(a)(5)(A) ("[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause."). This Court issued its order denying Cohen's Rule 59 Motion on December 9, 2014. (Dkt. 523). Cohen therefore had until January 8, 2015 to file a notice of appeal. Under Rule 4(a)(5), Cohen was allotted an additional 30 days to seek an extension of that deadline. That window closed on February 9, 2015. "Because [Cohen's] motion was filed more than 30 days after the expiration of the appeal, [Cohen] is unable to obtain an extension of the time to file an appeal pursuant to Rule 4(a)(5)." *Clark v. Hoffner*, 2015 WL 1637303, *1 (E.D. Mich. April 13, 2015) (citation omitted).

In 1991, Rule 4(a) was amended to provide "a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court . . . is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal." Advisory Committee Note to

1991 Amendment to Fed. R. App. P. 4. Rule 4(a)(6) now provides that the district court may reopen the time to file an appeal of a judgment if the movant "did not receive notice . . . of the entry of the judgment or order sought to be appealed within 21 days after entry; the motion is filed within 180 days after the judgement or order is entered . . . and the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6). Critically, Rule 4(a)(6) is the exclusive remedy for reopening the time for filing a notice of appeal where the statutory time period has expired. *See Bowles v. Russell*, 432, F.3d 668, 672 (6th Cir. 2005).

Cohen filed his request to reopen the appeal period on August 13, 2015- 247 days after the Court denied his Rule 59 motion. Rule 4(a)(6) establishes "an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal[.]" *Tanner v. Yukins*, 776 F.3d 434, 440 (6th Cir. 2015). While the Sixth Circuit has recognized that the application of Rule 4(a)(6) "may work misfortune in some cases, . . . its 'essence' is 'finality of judgment", *id.*, and the rule's requirements may not be "waived for equitable reasons." *Bowles*, 432 F.3d at 668. Thus, because Cohen filed his motion more than 180 days after the denial of his habeas petition, this Court lacks authority to extend the time for filing an appeal. *See Hall v. Scutt*, 482 Fed. Appx. 990, 991 (6th Cir. 2012) ("[b]ecause Hall filed his motion more than 180 days after the denial of his habeas corpus petition, see Fed. R.App. P. 4(a)(6)(B), the district court lacked the authority to extend the time for filing an appeal.).

The Court further declines to issue Cohen a certificate of appealability ("COA"). Under 28 U.S.C. § 2254(c)(1), a COA is required before an appeal may be taken from the "final order" in a § 2255 proceeding. An order denying a Rule 4(a)(6) motion to reopen the

3

time to appeal is a "final decision" appealable under 28 U.S.C. § 1291. *See Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 368-69 (6th Cir. 2007); *Clark v. Hoffner*, 2015 WL 2124378, *1 (E.D. Mich. May 6, 2015). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In the context of an order denying a motion to reopen the appeal period, Cohen must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, as the Court has throughly discussed, there is no question that Cohen's motion exceeds the "outer time limit" imposed under Rule 4(a)(6). For that reason, the Court denies Cohen a COA because jurists of reason would not find the issue to be debatable.

Accordingly, the Court DENIES Cohen's motion to reopen the time for filing an appeal [532], DENIES as moot his request for prompt disposition [547], and declines to issue a certificate of appealability.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: March 8, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2016, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager