# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff

                HON. NANCY G. EDMUNDS
                CASE NO.: 2:09-CR-20326

vs.

CLARENCE COHEN

        Defendant.
_____/

JOHN N. O'BRIEN, II
Office of the U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9715
Email: john.obrien@usdoj.gov

SANFORD A. SCHULMAN
Attorney for Defendant
       CLARENCE COHEN
500 Griswold Street, Ste. 2340
Detroit, MI 48226
(313) 963-4740
saschulman@comcast.net

STEFANIE LAMBERT JUNTTILA
Attorney for Defendant
       CLARENCE COHEN
500 Griswold Street, Ste. 2340
Detroit, MI 48226
(313) 963-4740
attorneystefanielambert@gmail.com
_____/

## DEFENDANT CLARENCE COHEN'S AMENDED MOTION FOR RESENTENCING AND REQUEST FOR EARLY RELEASE

Defendant, CLARENCE COHEN ("Defendant"), by and through his attorneys, SANFORD A. SCHULMAN and STEFANIE LAMBERT, states in support of his Motion for Resentencing and Request for Early Release as follows:

1. On October 21, 2010, Clarence Cohen was charged with, Count One, 21 U.S.C. §§841, 846 Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine. (R. 768, PgID, 768).

4. Mr. Cohen is currently house at FCI Terre Haute in Indiana with a release date of October 21, 2026. He has served over fifty percent of his sentence.

5. Mr. Cohen was sentenced on August 2, 2011 by this Honorable Court to 264 months imprisonment. The court further recommended placement in a facility with a Comprehensive Drug Treatment Program. (R.1658, PgID 1656-1661).

7. Mr. Cohen has numerous health conditions that make him high risk according to the CDC guidelines, and COVID-19. Mr. Cohen's medical records reflect both lung and liver complications. The medical records specifically state Mr. Cohen has bullet fragments in the region of the left clavicle, and the right chest cavity with bilateral pleural effusions (water on the lungs) injury to the lateral

segment of the left lobe of the liver with hemoperitoneum, respiratory complications.

10. Mr. Cohen exhausted his administrative remedies by making a request to the warden at Terre Haute for home confinement on November 1, 2020. (Exhibit 1).

11. As the parties are aware the COVID-19 virus has become a pandemic in the United States and throughout the world.

12. Although death and serious illness can strike anybody, it appears from that COVID-19 is much more lethal.

14. Mr. Cohen makes this application knowing that the crime he committed was serious. He understands that a substantial term of incarceration was appropriate. In light of this unprecedented change in circumstances, we respectfully request that the Court exercise its power to modify Mr. Cohen's sentence and direct that he be released to home confinement to serve the remainder of his sentence, and allow him to work and seek medical treatment as needed.

14. If released, Mr. Cohen is supported by family will remain in home confinement, and will have financial support from family while he seeks employment.

15. Mr. Cohen has used his time in prison to avail himself of educational programming, and prepare himself to seek and obtain employment upon release. (Exhibit 2).

16. Pursuant to local rule 7.1, Mr. Cohen, through counsel, sought concurrence from the Government, and the Government intends to oppose the relief sought by Mr. Cohen.

WHEREFORE, Mr. Cohen respectfully requests that this Court to enter an order resentencing him to home confinement and/or early release from Federal Prison for the reason so stated herein.

Respectfully submitted,

/s/ Sanford A. Schulman
SANFORD A. SCHULMAN P-43230
Attorney for Defendant
  CLARENCE COHEN
500 Griswold Street, Suite 2340
Detroit, Michigan 48226
(313) 963-4740
saschulman@comcast.net

/s/ Stefanie Lambert Junttila
Stefanie Lambert Junttila P-71303
Attorney for Defendant
  CLARENCE COHEN
500 Griswold Street, Ste 2340
Detroit, MI 48226
(313) 963-4740
attorneystefanielambert@gmail.com

Date: December 9, 2020

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff

            HON. NANCY G. EDMUNDS
            CASE NO.: 2:09-CR-20326

vs.

CLARENCE COHEN

    Defendant.
_____/

JOHN N. O'BRIEN, II
Office of the U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9715
Email: john.obrien@usdoj.gov

SANFORD A. SCHULMAN
Attorney for Defendant
  CLARENCE COHEN
500 Griswold Street, Ste. 2340
Detroit, MI 48226
(313) 963-4740
saschulman@comcast.net

STEFANIE LAMBERT JUNTTILA
Attorney for Defendant
  CLARENCE COHEN
500 Griswold Street, Ste. 2340
Detroit, MI 48226
(313) 963-4740
attorneystefanielambert@gmail.com
_____/

# BRIEF IN SUPPORT OF DEFENDANT, CLARENCE COHEN'S MOTION FOR RESENTENCING AND REQUEST FOR EARLY RELEASE

NOW COMES the Defendant CLARENCE COHEN, by and through his attorneys, SANFORD A. SCHULMAN, and STEFANIE L. LAMBERT, and state in support of his Brief in Support of his Renewed Motion to Resentence Defendant and Request for Early Release as follows:

I. Should this Honorable Court resentence CLARENCE COHEN and release him early from his prison sentence because he has serious health conditions in light of the current pandemic?

   Defendant answers. "Yes."
   Plaintiff answers. "No."

## STATEMENT OF FACTS

On October 21, 2010, Clarence Cohen was charged with, Count One, 21 U.S.C. §§841, 846 Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine. (R. 768, PgID, 768). Mr. Cohen was sentenced on August 2, 2011 by this Honorable Court to 264 months imprisonment. The court further recommended placement in a facility with a Comprehensive Drug Treatment Program. (R.1658, PgID 1656-1661).

Mr. Cohen is currently house at FCI Terre Haute with a release date of October 21, 2026. Mr. Cohen's current conditions of confinement are putting his

health at risk, and he seeks immediate release from confinement as a result of there being no conditions of confinement sufficient to prevent irreparable injury. Mr. Cohen has numerous health concerns including both lung and liver complications. The medical records specifically state Mr. Cohen has bullet fragments in the region of the left clavicle, and the right chest cavity with bilateral pleural effusions (water on the lungs) injury to the lateral segment of the left lobe of the liver with hemoperitoneum, respiratory complications.

## ARGUMENT

Under the First Step Act, Mr. Cohen is eligible for reduced sentence and this Court can act sua sponte to adjust downwards Mr. Cohen's imposed sentence so that he is eligible for supervised release.

The Center for Disease Control provided an update on November 2, 2020. Mr. Cohen has an injury to the lateral segment of the left lobe of the liver with hemoperitoneum, respiratory complications. The CDC identifies these medical conditions as conditions that might be at an increased risk from the virus that causes COVID-19. *Certain Medical Conditions and Risk for Severe COVID-19 Illness |CDC,* November 2, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

As numerous courts have recognized, "[t]he risk of contracting COVID-19 in tightly confined spaces, especially jails, is not exceedingly obvious." Basank v.

7

Decker, 2020 WL 1481503, at 5 (S.D.N.Y. Mar. 26, 2020). One public health expert has explained: "If you wanted to set up a situation that would promote rapid transmission of respiratory virus, you would say prison it's close quarters, unsanitary, individuals in frequent contact." In such situations it is "nearly impossible to provide infection control." (Daniel A. Gross, "It Spreads Like Wildfire': The Coronavirus Comes to New York's Prisons," The New Yorker, Mar. 24, 2020. Other experts describe the possibility of "accelerated transmission and poor health outcomes of patients with COVID-19 in prisons and jails" as "extraordinarily high" due not only to the close quarters in which in inmates reside, but also the quality and quantity of available medical care and the fact that hundreds of individuals—from staff to new arrestee—enter and leave detention facility. (Brie Williams, COVID-19 in Correctional Settings, Mar. 22, 2019. http;//www.scrbd.com/document/452807558/NY-Press-Conference-Brie-Williams-Remarks). These dangers are not theoretical. During the COVID-19 outbreak in China prisons became hotbeds of infection despite stringent control measures, and press reports indicate that the same is now occurring at FCI Oakdale in Louisiana. (Zi Yang, "Cracks in the System: COVID-19 in Chinese Prisons," The Diplomat, Mar. 9, 2020, https://thediplomat.com/2020/03/cracks-in -the-system-covid-19-in-chinese-prisons/; Kimberly Kindy, "An Explosion of Coronavirus Cases Cripples Federal Prison in Louisiana," Washington Post, Mar.

29, 2020, https://www.washingtonpost.com/national/an-explosion-of-cornavirus-cases-criplles-a-federalpriosn-in-lousiana/2020/03/29/75a465c0-71d5-11ea-85cb-8670579b863d_story.thml.) The CDC has recommended that high-risk individuals avoid crowds, keep space between themselves and others, and stay at home to avoid exposure to the virus. (Get Ready for COVID-19, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirsus/2019-ncov/specific-groups/get-ready.html.) Despite BOP's best efforts, it is impossible for Mr. Cohen to practice "social distancing" to protect himself. In the FCI Terre Haute facility inmates eat elbow-to-elbow at the same time, and share bathrooms, showers and stalls. Self-isolation is nearly impossible. In short, measures by the BOP cannot help but be insufficient.

In addition, the public health recommendation is to release high-risk people from detention, given the heightened risks to their health and safety (ECF No. 6-1, PgID 87 (Declaration of Infectious Disease Epidemiologist Joseph Amon)). The only way to prevent serious illness including death is to release all people with low risk factors.

A well-known medical professional, Dr. Greifingert  stated that the only way to "prevent serious illness including death" in ICE facilities is to "release all people with risk factors." (ECF NO. 20-3, PageID.374 (Declaration of Dr. Robert B. Greifingert). Same can be said about Terre Haute.

On March 23, 2020, the Center for Disease Control and Prevention (CDC) acknowledged that correctional and detention facilities "present unique challenges for control of COVID-19 transmission among incarcerated/detained persons, staff and visitors." *Interim Guidance on Management of Coronavirus Disease 2019* (COVID-19) *in Correctional and Detention Facilities*, Centers for Disease Control (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correctiondetention/guidance-correctional-detention.html.[Hereinafter"CDC Guidance 3/23/2020"].

Specifically, the CDC has noted that many detention conditions create a heightened risk of danger to its inmates. Risks include low capacity for patient volume, insufficient quarantine space, insufficient on-site medical staff, highly congretional environments, inability of most patients to leave the facility, and limited ability of incarcerated/detained persons to exercise effective disease prevention measures (e.g., social distancing and frequent handwashing). Id.

Mr. Cohen is housed at FCI Terre Haute in Indiana. The number of COVID-19 cases in the federal prisons are extremely high as of December 9, 2020. The BOP currently has 6,477 federal inmates and 1,662 staff positive with COVID-19. To date, there have been over 28,000 positive COVID tests for inmates housed in the BOP. https://www.bop.gov/coronavirus/. Clearly, the BOPs preventative measures to prevent the spread of COVID -19 are not working. This demonstrates

that the Bureau of Prisons policies and procedures to address COVID-19 simply are not working.

The only adequate relief for Mr. Cohen is to release him from confinement at FCI Terre Haute. Social distancing, hygiene measures and proper diet are Mr. Williams only defense against COVID-19. These protective measures are exceedingly difficult at, if FCI Milan if not impossible. Mr. Cohen shares toilets, sinks, phones, showers, and eats in communal spaces. He is in frequent, close contact with other inmates, and officers.

No matter what steps are taken at FCI Terre Haute, Mr. Cohen is constantly at risk of contracting COVID-19 during this pandemic. Absent an early release by this Court, Mr. Cohen has a high likelihood of irreparable harm in the form of loss of health or life should he contract COVID-19, if he has not already.

New data has confirmed that it is possible to contract COVID-19 multiple times, and that people reinfected with the disease had more severe symptoms the second time. Two different medical journals noted cases of reinfection where low oxygen levels and patients requiring oxygen were symptoms of a second reinfection of COVID-19, Researchers Confident it was Reinfection, Not a Relapse, October 13, 2020, https://www.clickondetroit.com/health/good-health/2020/10/13/reports-2-people-reinfected-with-covid-19-had-more-severe-symptoms-the-second-time/.

11

The United States Attorney General has issued a directive to consider early release for detainees who do not pose a public safety risk, as minimizing crowded populations is the only known way to mitigate spread of this pandemic. *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic*, Atty Gen. (Mar. 26, 2020); Executive Order, No. 2020-29 (COVID-19) (Mar.26, 2020). We respectfully request that Mr. Cohen is released to home confinement to live with his family, work, and seek medical treatment as needed from his doctors, and local hospitals.

## CONCLUSION

Ms. Cohen current living conditions are putting his health at risk, and home confinement is a safer setting for him with his health conditions. Mr. Cohen continued confinement at FCI Terre Haute exposes him to greater symptoms of COVID-19 and possible death due to his underlying conditions.

WHEREFORE, Mr. Cohen, by and through his attorneys, SANFORD A. SCHULMAN and STEFANIE LAMBERT, respectfully requests this Honorable Court to enter an order resentencing CLARENCE COHEN to early release from

federal prisons for the reasons so stated herein.

                                                        Respectfully submitted,

                                                        <u>/s/ Stefanie Lambert Junttila</u>
                                                        Federal Criminal Attorneys of Michigan
                                                        Stefanie Lambert Junttila P71303
                                                        Attorney for Defendant
                                                              CLARENCE COHEN
                                                        500 Griswold Street, Suite 2340
                                                        Detroit, MI 48226

December 9, 2020

## Certificate of Service

I, Stefanie Lambert Junttila, attorney at law, certify that on December 9, 2020, I caused a copy of this pleading to be served upon the Clerk of the Court and Government via E-file.

/s/ Stefanie Lambert Junttila
Stefanie Lambert Junttila (P71303)
