UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLARENCE HENRY COHEN (D-9),

    Defendant.

_____/

Case No. 09-20326

Honorable Nancy G. Edmunds

**OPINION AND ORDER REGARDING
DEFENDANT'S MOTIONS [581] [585]**

Defendant Clarence Henry Cohen is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Terre Haute, Indiana. The matter is before the Court on Defendant's motion for compassionate release.[1] (ECF No. 585, PgID 2391-2434.) The government opposes Defendant's request. (ECF No. 584.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion without prejudice.

---

[1] Defendant initially moved for his release through counsel. (ECF No. 581.) In a subsequent filing, however, Defendant moves to strike that motion, arguing his attorney filed it despite his instructions that she no longer represent him. (ECF No. 585, PgID 2381-90.) Defendant further requests the Court consider an alternate pro se motion. Defense counsel later filed a motion to withdraw, citing a breakdown in the attorney-client relationship. (ECF No. 586.) The Court has granted counsel's request to withdraw. With regard to Defendant's motion to strike, the Court will construe it as a motion to withdraw his first motion for release. The Court GRANTS Defendant's request to withdraw that motion and instead considers the arguments he makes in his pro se motion.

1

**I.     Background**

On October 21, 2010, Defendant pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841, 846.  (ECF No. 356.)  This Court sentenced Defendant to a term of imprisonment of 264 months.  (ECF No. 460.)  The Sixth Circuit affirmed on direct appeal.  *See United States v. Cohen*, 515 F. App'x 405 (6th Cir. 2013).  The Court later reduced Defendant's sentence to 235 months pursuant to 18 U.S.C. § 3582(c)(2).  (ECF No. 550.)  His projected release date is in October 2026.

Defendant now moves for his release due to the health concerns associated with the COVID-19 pandemic.  He argues he faces a heightened risk of severe illness from the virus because he is a former smoker, is obese, and suffers from lung and liver complications.  Defendant also argues it is difficult to practice social distancing and proper hygiene while incarcerated at his facility.

**II.    Analysis**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i)    extraordinary and compelling reasons warrant such a reduction; . . .
>     . . .

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The statute thus allows a sentencing court to reduce the term of imprisonment of a defendant once the exhaustion requirement has been satisfied. Before granting compassionate release pursuant to § 3582(c)(1)(A), a court must conduct the following "'three-step inquiry:' the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction,' ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and 'consider all relevant sentencing factors listed in 18 U.S.C. § 3553(a).'" *United States v. Elias*, No. 20-3654, 2021 U.S. App. LEXIS 251, at *2 (6th Cir. Jan. 6, 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). The Sixth Circuit has held that the Sentencing Commission's policy statement in U.S.S.G. § 1B1.13 is not an applicable policy statement for compassionate release motions brought directly by defendants. *See id.* at *5-6. Thus, in those cases, a court need not consider § 1B1.13 and has the full discretion to define "extraordinary and compelling." *Id.* at *6.

Here, the government argues that Defendant's motion must be denied because he has not satisfied the exhaustion requirement. While Defendant has attached to his motion an administrative request for his release, (*see* ECF No. 585, PgID 2411-12), the BOP has informed the government it did not receive a request for release from Defendant, (*see* ECF No. 584-1). Considering the record is not clear on this point, the Court finds that Defendant has not met his burden of showing he satisfied the exhaustion requirement. Because the government has objected to Defendant's failure to exhaust, the Court must enforce this mandatory requirement. *See United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). Defendant's motion is, therefore, denied

without prejudice. *See id.* at 836. But even if Defendant had exhausted his administrative remedies, the Court would not grant him the relief he seeks.

Defendant is only 38 years old. And while he points to the health concerns associated with the COVID-19 pandemic, he has not presented any evidence of his medical conditions. Moreover, Defendant states his body mass index is 30.3, so his obesity is admittedly mild. And it is not clear whether Defendant faces a heightened risk for severe illness from the virus due to "lung and liver complications." *See, e.g.*, People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html ("Having *chronic* liver disease . . . *might* increase your risk for severe illness from COVID-19.") (emphasis added). Defendant's generalized concerns regarding the pandemic are legitimate, but his risk of contracting the virus is the same as any other inmate at his facility. In sum, Defendant has not demonstrated there are extraordinary and compelling reasons that would warrant his release.[2]

### III. Conclusion

Based upon the foregoing, Defendant's motion is DENIED without prejudice.

SO ORDERED.

                                       s/Nancy G. Edmunds
                                       Nancy G. Edmunds
                                       United States District Judge

Dated: January 12, 2021

---

[2] Because Defendant has failed to demonstrate that he satisfied the exhaustion requirement and has not shown extraordinary and compelling reasons warranting a sentence reduction, the Court need not address the sentencing factors in § 3553(a).

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 12, 2021, by electronic and/or ordinary mail.

                                                s/Lisa Bartlett
                                                Case Manager