UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLARENCE HENRY COHEN (D-9),

    Defendant.

_____/

Case No. 09-20326

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S SECOND
MOTION FOR COMPASSIONATE RELEASE [593]**

Defendant Clarence Henry Cohen is currently in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institute in Terre Haute, Indiana, serving a 235-month sentence imposed in this case. On January 12, 2021, the Court entered an order denying Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 588.) The matter is now before the Court on Defendant's second emergency motion for compassionate release. (ECF No. 593.) Defendant once again seeks his release due to the health concerns associated with the COVID-19 pandemic. The government opposes Defendant's request. (ECF No. 597.) Defendant has filed a reply. (ECF No. 598.) Upon its initial review, the Court determined that additional information was needed to resolve this motion. (ECF No. 599.) The government has now provided the documents requested by the Court. (ECF No. 600.) The Court has reviewed the record in its entirety and finds that a hearing is not necessary. For the reasons set forth below, the Court DENIES Defendant's motion.

1

Under § 3582(c)(1)(A), a defendant may move for a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." In support of his previous motion, Defendant noted he had submitted an administrative request for his release.  However, the government attached an email to its response, indicating that the BOP had no record of receiving a request for release from Defendant.  Because the government objected to Defendant's failure to exhaust his administrative remedies, the Court denied Defendant's motion for compassionate release without prejudice.

In support of the present motion, Defendant has attached two administrative requests for his release—the first is premised on the health concerns associated with the COVID-19 pandemic and his medical conditions and the second is based on an alleged sentencing disparity.  (ECF No. 593, PgID 2497-98, 2527-28.)  The government argues that because Defendant now relies on the health concerns raised in his first request but the warden of his facility only addressed and denied the second request raising the sentencing issues, he has not properly exhausted his administrative remedies.  The government, however, appears to base this argument on a "presumption" that the warden only received the second request.  (*See* ECF No. 597, PgID 2640.)  Because there is no evidence that refutes Defendant's contention that he also sent the request raising his

health concerns and the warden simply did not respond, the Court finds that Defendant has satisfied the exhaustion requirement.[1]

In its previous order denying Defendant's motion for compassionate release, the Court also found, alternatively, that Defendant had not demonstrated there are extraordinary and compelling reasons that would warrant his release as required by § 3582(c)(1)(A). To the extent Defendant's current motion relies on the same health concerns raised previously, much of that analysis remains the same.[2] And even if Defendant could establish that he faces a heightened risk of severe illness from the virus, the government has now submitted evidence indicating that Defendant refused to take a dose of the COVID-19 Pfizer vaccine on March 1, 2021. (ECF No. 600-5.) The Court agrees with courts that have found that access to the vaccine mitigates the health concerns that may otherwise constitute extraordinary and compelling reasons in light of the pandemic. *See, e.g.*, *United States v. Kennedy*, No. 18-20315, 2021 U.S. Dist. LEXIS 75535, at *3 (E.D. Mich. Apr. 20, 2021); *United States v. Austin*, No. 15-20609, 2021 U.S. Dist. LEXIS 56340, at *5 (E.D. Mich. Mar. 25, 2021). In sum, Defendant has not established there are extraordinary and compelling reasons warranting his release.[3] In

---

[1] Because the Court finds that Defendant has exhausted his administrative remedies in this case, the Court need not address the government's arguments regarding whether the exhaustion requirement in § 3582(c)(1)(A) requires issue exhaustion.

[2] Defendant now adds that he was recently diagnosed with hypertension, but his medical records indicate that he has been prescribed medication to manage this condition. Defendant's medical records also confirm that his obesity is mild.

[3] Defendant also argues that the alleged sentencing disparity as a result of Amendment 790 constitutes an extraordinary and compelling reason warranting his release. Even if a nonretroactive amendment to the sentencing guidelines could serve as the basis for compassionate release, it is not clear what effect, if any, this amendment would have on Defendant's sentence. Amendment 790 simply clarified the "jointly undertaken criminal activity" analysis for relevant conduct purposes, *United States v. Barona-Bravo*, 685 F. App'x 761, 779 n.16, 780-81 (11th Cir. 2017), and, here, the Court

light of this conclusion, the Court need not address the sentencing factors in 18 U.S.C. § 3553(a).  *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (a court may deny a compassionate release motion "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others").

Based upon the foregoing, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: April 22, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 22, 2021, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Case Manager

---

found Defendant maintained a leadership position in the conspiracy, (ECF No. 392, PgID 1172).