UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLARENCE HENRY COHEN (D-9),

    Defendant.

_____/

Case No. 09-20326

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S EMERGENCY
MOTION FOR REDUCTION IN SENTENCE [606]**

Before the Court is Defendant Clarence Henry Cohen's third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 606.) Defendant's first motion was denied without prejudice on January 12, 2021 due to his failure to exhaust his administrative remedies. (ECF No. 588.) Defendant's second motion was denied with prejudice on April 21, 2021 after the Court found Defendant had not established there were extraordinary and compelling reasons warranting his release. (ECF No. 601.) Defendant now relies in part on the same arguments he previously made and this Court rejected, and he also notes he was released a few months ago from prison to home confinement pursuant to the CARES Act. He states that even though he has been working and regaining ties with his family, children, and friends, he seeks relief from this Court because he is unable to buy and fix foreclosed properties and to take his children "different places" under the conditions of his home confinement. His inability to do these things, however, is a consequence of his sentence and is not a reason to reduce his sentence to time served. Because it appears this is the primary reason for this motion, it

1

is subject to denial.  The Court further finds that Defendant's remaining arguments similarly do not support a finding of extraordinary and compelling reasons warranting a sentence reduction irrespective of whether they are considered individually or collectively.

This Court previously found that Defendant's health concerns associated with the COVID-19 pandemic, while legitimate, did not constitute extraordinary and compelling reasons in light of his age and medical conditions.  (ECF No. 588, PageID.2446; ECF No. 601, PageID.2728.)  Now that Defendant is living in his approved residence, he is no longer facing an increased risk of contracting the virus due to being incarcerated in a prison setting.  He also states he is fully vaccinated.  In sum, any risks associated with the virus are reduced even further than when the Court previously denied Defendant's request for a sentence reduction.

Defendant also cites to a purported sentencing disparity between himself and his co-defendants as a basis for relief.  Most of his co-defendants, however, were sentenced before he was.  Thus, the Court considered this factor at the time of the original sentencing but noted Defendant was more culpable in light of his leadership position in the conspiracy.  (*See* ECF No. 469, PageID.1723.)  Defendant also relies on Amendment 790 to the sentencing guidelines.  The Sixth Circuit has issued conflicting guidance on whether a non-retroactive change in the law can be considered in a district court's analysis of extraordinary and compelling reasons.  *Compare United States v. Hunter*, 12 F.4th 555, 568 (6th Cir. 2021) *with United States v. McCall*, 20 F.4th 1108, 2021 U.S. App. LEXIS 37351, at *16 (6th Cir. Dec. 17, 2021).  The Court need not resolve this issue, however, because even if the Court may consider this factor, it is unlikely Amendment 790 would have an impact on Defendant's sentence.  (*See* ECF No. 601, PageID.2728-

29 n.3.) And while commendable, Defendant's efforts at rehabilitation alone cannot be considered extraordinary and compelling. See 28 U.S.C. § 994(t). Finally, Defendant raises arguments, such as allegations regarding deficient performance of counsel, that constitute an attack on the validity of his conviction and are not the proper subject of a motion for compassionate release.

In sum, Defendant has not established there are extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A). Accordingly, Defendant's third motion for compassionate release is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 17, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 17, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager