UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

CLARENCE HENRY COHEN (D-9),

    Defendant-Petitioner.

_____/

Case No. 09-20326

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE [620]**

Defendant-Petitioner Clarence Henry Cohen moves this Court pro se to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (ECF No. 620.) The government opposes the motion. (ECF No. 624.) Defendant has filed a reply. (ECF No. 625.) For the reasons below, the Court DENIES Defendant's § 2255 motion.

**I.    Background**

On October 21, 2010, Defendant pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841, 846. (ECF No. 356.) At the time of sentencing, Defendant's guidelines range was 292 to 365 months based upon an offense level of 39 and a criminal history category of II. (*See* ECF No. 455, PageID.1630.) The Court varied downwards and sentenced Defendant to a term of 264 months. (ECF No. 460.) The Sixth Circuit affirmed on direct appeal. *See United States v. Cohen*, 515 F. App'x 405, 414 (6th Cir. 2013). Defendant's first motion under § 2255 was denied, (ECF No. 520), but his sentence was later reduced to 235 months under 18 U.S.C. § 3582(c)(2), (ECF No. 550). In 2022, Defendant was released to home confinement pursuant to the CARES Act. He is projected to be released from the custody

1

of the Federal Bureau of Prisons on October 1, 2025. Defendant now invokes § 2255 a second time, asking the Court to reduce his sentence to "time served" or grant him a resentencing. In support of his motion, Defendant attaches two 2023 orders setting aside convictions in state court. (ECF No. 620, PageID.2858-62.) Defendant argues that without those convictions, he would have had a criminal history category of I and a lower guidelines range.

## II.     Standard of Review

Under § 2255(a), "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." "The statute authorizes postconviction relief only when a sentence 'was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, . . . the sentence was in excess of the maximum authorized by law, or [the sentence] is otherwise subject to collateral attack.'" *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting § 2255(a)).

## III.    Analysis[1]

Defendant's claim constitutes a collateral attack. "When a § 2255 claim falls under this category, the claim is 'generally cognizable only if it involve[s] a fundamental defect which inherently results in a complete miscarriage of justice.'" *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019) (quoting *Snider*, 908 F.3d at 189). This has been

---

[1] As the government acknowledges in its response, this is not a "second or successive" § 2255 petition that would require prior authorization from the Sixth Circuit under § 2255(h) because "the events giving rise" to Defendant's current claim "had not yet occurred" at the time of his first motion. *See In re Jones*, 54 F.4th 947, 949-50 (6th Cir. 2022) (internal quotation marks and citations omitted).

described as a "demanding standard," which typically requires proof that a prisoner "'is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated.'" *Id.* at 658 (quoting *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014) (en banc)). The Court does not find the order setting aside Defendant's prior misdemeanor marijuana conviction under Mich. Comp. Laws § 780.621e a vacatur for purposes of this motion.[2]

Defendant characterizes the order as an expungement order, but the United States Sentencing Guidelines distinguish between convictions that are set aside "for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction" and convictions that are expunged, with the former to be counted when calculating a defendant's criminal history and the latter not counted. *See* U.S.S.G § 4A1.2, application n. 10. In another context, the Sixth Circuit explained that "expunged" under the Sentencing Guidelines "means that the adjudication of guilt itself was vacated because of demonstrable innocence or legal error." *See United States v. Shor*, 549 F.3d 1075, 1078 (6th Cir. 2008) (concluding that a sentence imposed under Michigan's Holmes Youthful Trainee Act was properly counted for criminal history purposes).[3] Here, Defendant's conviction was set aside as a result of Michigan's Clean

---

[2] Defendant has attached two orders setting aside convictions in state court, but his criminal history category of II was based only on his 2000 state misdemeanor conviction for possession of marijuana and operating without license on person. Defendant's 2012 state conviction for delivery/manufacture less than 50 grams took place after his initial sentencing and was not used to calculate his guidelines range.

[3] Defendant cites to *United States v. Kammerdiener*, 945 F.2d 300, 301 (9th Cir. 1991), where the court held that the automatic set aside set forth in the Federal Youth Corrections Act constitutes an expungement for purposes of the Sentencing Guidelines. But there, the court found it was bound by *United States v. Hidalgo*, 932 F.2d 805 (9th Cir. 1991). *See Kammerdiener*, 945 F.2d at 301. In *Shor,* 549 F.3d at 1078 n.3, the Sixth

Slate initiative, which created a path for setting aside certain marijuana related convictions following the legalization of the recreational use of marijuana in the state. Because Defendant's conviction was set aside for reasons unrelated to innocence or legal error, it is not considered expunged for purposes of the Sentencing Guidelines and would still count towards Defendant's criminal history if he were sentenced today. Moreover, the order setting aside Defendant's conviction itself states that while the Michigan State Police shall maintain a nonpublic record of the order and underlying conviction, if the conviction is for an offense that was reportable to the Secretary of State, the driving record shall *not* be expunged, and "the applicant may *not* seek resentencing in another criminal case for which the conviction being set aside was used in determining an appropriate sentence." *See* ECF No. 620, PageID.2862 (citing Mich. Comp. Laws §§ 780.621f, 780.623) (emphasis added). At least one other court has rejected a nearly identical claim for these reasons. *See Johnson v. United States*, 2023 U.S. Dist. LEXIS 180606, at *4-6 (S.D. W. Va. Feb. 7, 2023) *accepted and adopted by* 2023 U.S. Dist. LEXIS 179992 (S.D. W. Va. Oct. 5, 2023) (noting that the Michigan statute "allowing the vacaturs very explicitly prohibits the use of the vacaturs in the manner proposed by [the defendant]" and that even if the defendant's two misdemeanor marijuana convictions had been set aside prior to sentencing, they still would have been counted for purposes of calculating his criminal history category because they were set aside for reasons unrelated to innocence or errors of law).

---

Circuit explicitly declined to follow *Hidalgo* "[i]n light of the clear terms of the sentencing guidelines and the fact that *Hidalgo* has been discredited even in the Ninth Circuit."

4

Defendant relies on *Watt v. United States*, 162 F. App'x 486, 503 (6th Cir. 2006), a case in which the court found that the defendant was entitled to resentencing because his career-offender sentence enhancement was based in part on state court convictions that were subsequently vacated. But there, the state court had voided the convictions because "the sentence promised by the prosecution and imposed by the state court" was illegal under state law. *Id.* at 488. The court reasoned that "[s]uch a judgment is void *ab initio*; it is as if the judgment never existed: 'A void judgment is one which, from its inception, was a complete nullity and without legal effect.'" *Id.* at 503 (quoting *In re James*, 940 F.2d 46, 52 (3d Cir. 1991)). Here, the order setting aside Defendant's prior conviction does not encompass a finding that the judgment itself was invalid. Other courts have similarly distinguished *Watt* where the prior conviction was not void. *See, e.g.*, *United States v. Harper*, 2010 U.S. Dist. LEXIS 125392, at *8 (N.D. Ohio Nov. 15, 2010) (distinguishing *Watt* because the state sentence was voidable, not void). In sum, Defendant is not entitled to relief.

### IV.     Certificate of Appealability

Federal Rule of Appellate Procedure 22(b) provides that a petitioner cannot take an appeal in § 2255 proceeding unless a certificate of appealability is issued under 28 U.S.C. § 2253(c). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented

5

were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted).

Defendant has not shown that reasonable jurists could debate whether his petition should have been resolved in a different matter. Thus, the Court denies him a certificate of appealability.

**V.     Conclusion**

Based upon the foregoing, IT IS ORDERED that Defendant's motion for post-conviction relief is DENIED WITH PREJUDICE. IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 8, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 8, 2024, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager