UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,          Case No. 09-20326

v.                                              Honorable Nancy G. Edmunds

CLARENCE HENRY COHEN (D-9),

    Defendant-Petitioner.

_____/

**ORDER DENYING DEFENDANT'S EMERGENCY
MOTION FOR REDUCTION IN SENTENCE [628]**

The matter is before the Court on Defendant Clarence Henry Cohen's emergency motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 628.) The government opposes the motion. (ECF No. 632.) For the reasons below, the Court DENIES Defendant's motion.

**I.    Background**

On October 21, 2010, Defendant pled guilty to conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 841, 846. (ECF No. 356.) The Court sentenced Defendant to a term of 264 months. (ECF No. 460.) The Sixth Circuit affirmed. *See United States v. Cohen*, 515 F. App'x 405, 414 (6th Cir. 2013). Defendant's sentence was later reduced to 235 months under 18 U.S.C. § 3582(c)(2). (ECF No. 550). In 2022, Defendant was released to home confinement under the CARES Act. He is projected to be released from the custody of the Bureau of Prisons on October 1, 2025.

**II.    Analysis**

The compassionate release provision set forth in § 3582(c)(1)(A) allows district courts to reduce a term of imprisonment for "extraordinary and compelling reasons." *See*

1

*United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020). This is not the first time Defendant has invoked § 3582(c)(1)(A). Defendant's first two motions for compassionate release were based primarily upon health concerns associated with the COVID-19 pandemic. The Court found at the time that Defendant had not established extraordinary and compelling reasons warranting his release. (ECF Nos. 588, 601.) By the time Defendant filed his third motion for a sentence reduction, he had already been released from prison to home confinement. (ECF No. 606.) Nonetheless, he repeated many of his previous arguments. He asserted that while he had been working and regaining ties with his family, children, and friends, he sought relief because he was unable to buy and fix foreclosed properties and take his children "different places." Defendant also relied on an alleged sentencing disparity. The Court again found that Defendant had not presented extraordinary and compelling reasons warranting a sentence reduction. (ECF No. 608.) Defendant's motion for reconsideration of that finding was denied as well. (ECF No. 610.)

Most recently, Defendant challenged his sentence under 28 U.S.C. § 2255. (ECF No. 620.) In support of that motion, Defendant attached two 2023 orders setting aside convictions in state court. (*Id.* at PageID.2858-62.) Defendant argued that without his state conviction, he would have had a lower criminal history category and accompanying guidelines range at the time of his original sentencing. The Court found that despite the order in the state case, Defendant's prior conviction would still count towards his criminal history if sentenced today and denied his request for relief. (ECF No. 627.)

Defendant now relies on several of the same issues previously raised, including the order setting aside his prior state conviction, an alleged sentencing disparity, the harsh circumstances during the COVID-19 pandemic, and his rehabilitative efforts. But

2

the Court has already concluded that these arguments do not lead to a conclusion that there are extraordinary and compelling reasons warranting a sentence reduction. Defendant also now cites to a piece of legislation that never became law, the EQUAL Act, and a subsequent memorandum issued by the Attorney General of the United States to all federal prosecutors, both of which addressed the sentencing disparity between crack and powder cocaine. Courts have declined to find that either the bill or the memorandum constitute an extraordinary and compelling reason for a sentence reduction. *See, e.g.*, *United States v. Morgan*, 657 F. Supp. 3d 976, 980-81 (E.D. Mich. 2023); *see also United States v. Quinn*, 2023 U.S. App. LEXIS 20660, at *4 (10th Cir. Aug. 9, 2023) (collecting cases from courts that have rejected arguments that the EQUAL Act is an extraordinary and compelling circumstance); *United States v. Ozen*, 2023 U.S. Dist. LEXIS 119014, at *10-12 (E.D. Tex. July 11, 2023) (noting that policy statements and guidance issued by the Attorney General do not legally bind prosecutors and finding that the memorandum provided no basis for relief under § 3582(c)(1)(A)) (citations omitted). The Court commends Defendant on his employment history and efforts towards rehabilitation but without a finding that there are extraordinary and compelling reasons, it cannot grant him the relief he seeks.

### III. Conclusion

For the reasons discussed above, Defendant's motion for a sentence reduction is DENIED.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: July 9, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2024, by electronic and/or ordinary mail.

                                                  s/Marlena A. Williams
                                                  Case Manager